UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK PAUL URIAS,<br><br>Defendant. | Case No. 4:17-cr-00181-DCN-3<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Frank Urias' Motion for Production of Witness Statements. Dkt. 172. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. For the reasons outlined below, the Court GRANTS in part and DENIES in part Defendant's Motion.

## II. BACKGROUND

On July 25, 2017, a multi-count Indictment was filed against Mr. Urias and seven co-defendants. The Defendant went before Magistrate Judge Candy Dale for an initial appearance and arraignment on July 28, 2017. The Defendant entered a not-guilty plea and a jury trial and telephonic pretrial conference were set before District Judge B. Lynn

Winmill. A detention hearing was held on August 1, 2017. Judge Dale granted the Government's Motion for Detention and an Order of Detention was entered.

On November 28, 2017, a Superseding Indictment was filed against Mr. Urias and ten co-defendants. Mr. Urias was arraigned on the Superseding Indictment on December 20, 2017. The Defendant again entered a not-guilty plea and the previous Order of Detention remained in effect. Over the course of this case, several continuances have been granted due to Motions for Continuance by co-defendants or changes in counsel.

On July 12, 2018, the Defendant filed the instant motion that is now ripe for ruling.

### III. APPLICABLE RULES

FRCP 26.2(a) states:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

FRCP 26.2(f) defines the term "Statement" as:

> (1) a written statement that the witness makes and signs, or otherwise adopts or approves;
>
> (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or
>
> (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

## IV. DISCUSSION

Mr. Urias has requested "[a]ny and all written and recorded statements of any and all witnesses who have testified in this case with respect to Defendant, Frank Urias, including but not limited to Detention hearings and Preliminary proceedings….." Dkt. 172, at 1. Such a request is within the scope of Rule 26.2(a). However, Defendant also requests "any and all written and recorded statements relied upon by such witnesses who have testified in any such hearings described above." *Id.* at 2. The Government argues that Rule 26.2(a) only provides for the disclosure of statements made by those who have testified, and nothing more. Thus, the request for statements relied upon by the witnesses is outside the scope of 26.2(a). The Court agrees.

"Rule 26.2(a) is 'designed to further the fair and just administration of criminal justice. . . .'" *United States v. Wicktor*, 403 F.Supp.2d 964, 967 (D. Ariz. 2005) (quoting *Campbell v. United States*, 373 U.S. 487, 495 (1963) (discussing the Jencks Act upon which Rule 26.2(a) was fashioned)). Importantly, "the concern behind Rule 26.2(a) is that "only those statements which could properly be called the witness' own words should be made available to the defense for purposes of impeachment." *Wicktor*, 403 F. Supp.2d at 967 (quoting *Palermo v. United States,* 360 U.S. 343, 352 (1959)). Because statements relied upon by the witnesses cannot properly be called the witness's own words, Defendant's request for such statements is outside the scope of Rule 26.2(a).

## V. CONCLUSION

FRCP 26.2 only requires the Government to produce a Witness's own statements made at any hearing qualifying under the Rule. It does not require the Government to

MEMORANDUM DECISION AND ORDER - 3

produce documents relied upon by the witnesses. Rule 26.2(g) governs the scope of Rule 26.2, and here, it appears that only the detention hearing held on August 1, 2017 falls within that scope. Consequently, if any witnesses testified at that hearing, then the Government must produce either a recording or transcript of the recording to the Defendant.

## VI. ORDER

IT IS HEREBY ORDERED that:

1. Defendant's Motion for Production of Witness Statement (Dkt. 172) is **GRANTED** in part and **DENIED** in part.

2. To the extent that any witness testified at the Defendant's Detention Hearing on August 1, 2017, the Government will need to produce either an audio recording or transcript of the audio recording to the Defendant.

3. Defendant's request for the Government to produce "any and all written and recorded statements relied upon by such witnesses who have testified…." is **DENIED** as this request is outside the scope of FRCP 26.2.

DATED: September 4, 2018

David C. Nye
U.S. District Court Judge